Filed 8/29/13  P. v. Watts CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038825 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 169048A) |
| v. | |
| ANDREW BRIAN WATTS, | |
| Defendant and Appellant. | |

On December 15, 1980, appellant Andrew Brian Watts went into a psychotic rage at his parents' home and strangled his father to death.  Appellant believed he needed to protect the world from his father who was destroying it.  He did not believe his father was really dead, so to slow his father down, he cut off his legs with a knife and a machete and poured sugar on his body, believing it was cyanide.  Later he stole his father's van and drove to Salt Lake City, Utah.  He was arrested in Utah on December 18, 1980.

Appellant has always maintained that the person he murdered was not his father, and that he (appellant) was a great prophet.  In 1993, while released to an outpatient treatment program, he became combative and assaulted several police officers.  He thought the police officers were going to take him to South San Francisco to nail him on the cross.  According to appellant, Jesus is also nailed on the cross in South San Francisco.  He was charged with assault and battery, found not guilty by reason of insanity, and committed to the state hospital system.  He was diagnosed with

Schizophrenia, paranoid type, and has been in and out of the hospital system since that time.

On February 15, 2012, the District Attorney of Santa Clara County filed a petition seeking to extend appellant's commitment pursuant to Penal Code sections 1026 and 1026.5. On July 6, 2012, the parties waived their right to a jury trial. At an August 23, 2012 court trial, appellant's treating physician, Dr. Glasser, testified that while appellant is doing well within the confines of the hospital setting, if he were not medicated, he would have a hard time controlling his behavior. Dr. Glasser believed that appellant was still suffering from similar delusional beliefs as when he committed his qualifying offense. He also testified that appellant continued to be at risk for violent outbursts if he maintains his delusional belief system. After considering the testimony of Dr. Glasser, as well as the mental health reports containing a formal violence risk assessment submitted by Drs. Reed and Scott from the University of California at Davis, the court extended appellant's commitment for two years. Appellant filed a timely notice of appeal from this order.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) which states the case and the facts but raises no specific issues. *Wende* review is only available in a first appeal of right. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*); see also; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 543-544; *People v. Taylor* (2008) 160 Cal.App.4th 304.) Because defendant's appeal is from an order extending his commitment for an additional two years, and not a first appeal of right, he is not entitled to *Wende* review. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-501.) Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano,* on April 2, 2013 we notified appellant of his right to submit written argument in his own behalf within 30 days. On April 15, 2013, and on April 22,

2013, we received letters from appellant. In his letters, appellant contends that he is not Andrew Watts, but is, instead, Andrew Mathew, a United States Marine with some of the memories of Andrew Watts. He also contends that Drs. Glasser, Scott and Reed all have conflicts of interest and have conducted themselves in a corrupt manner in this case. Nothing in appellant's letters raises an arguable issue on appeal from an order of recommitment. Therefore, we decline to retain the case.

The appellant having failed to raise any arguable issue on appeal, we dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

**DISPOSITION**

The appeal is dismissed.


_____

MÁRQUEZ, J.

WE CONCUR:


_____

PREMO, ACTING P.J.


_____

ELIA, J.